J-S07007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMBER NICHELLE BARTLEY, | |
| Appellant | No. 132 EDA 2017 |

Appeal from the Judgment of Sentence Entered November 29, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005460-2016

BEFORE:  BENDER, P.J.E. , PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 11, 2018**

Appellant, Amber Nichelle Bartley, appeals from the aggregate judgment of sentence of time served to 23 months' incarceration, followed by 1 year probation, imposed after she pled guilty to fleeing or attempting to elude a police officer, receiving stolen property, and possession of a controlled substance.  On appeal, Appellant seeks to challenge the discretionary aspects of her sentence.  Additionally, Appellant's counsel, Patrick J. Connors, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Appellant's convictions are not pertinent to our disposition of her appeal. The trial court briefly summarized the procedural history of her case, as follows:

On November 29, 2016, [Appellant] … entered a negotiated guilty plea to Count 1, Fleeing or Attempting to Elude Officer; Count 2, Receiving Stolen Property; and Count 5, Possession of a Controlled Substance. [] Appellant was sentenced on November 29, 2016[,] … to time served (06/09/16 to 07/27/16) to 23 months[' incarceration,] followed by one year consecutive probation on Count 1; 3 years['] probation concurrent to Count 1 on Count 2; and time served (06/09/16 to 07/27/16) to 12 months[' imprisonment] concurrent to Counts 1 and 2 with a fine of $500.00 on Count [3]. Appellant, through her counsel, [Attorney] Connors, timely filed a Notice of Appeal to the Superior Court.

The [c]ourt directed Appellant to file a [Pa.R.A.P. 1925(b)] Statement of Matters Complained of on Appeal and in response[,] on January 19, 2017, counsel for Appellant filed a statement indicating [counsel's] intent to file an *Anders* brief with the Superior Court pursuant to Pa.R.A.P. 1925(c)(4).

Trial Court Opinion, 10/13/17, at 1-2 (footnote and emphasis omitted). Because counsel filed a Rule 1925(c)(4) statement, the trial court did not address the merits of any claims in its Rule 1925(a) opinion.

On December 27, 2017, Attorney Connors filed with this Court a petition to withdraw his representation of Appellant, as well an *Anders* brief. Therein, counsel states that the only issue that could arguably support Appellant's appeal is a claim that her "aggregate sentence[, which] will keep [Appellant] under parole supervision for 3 years[,] is harsh and excessive under the circumstances" of her case. *Anders* Brief at 8. However, for reasons discussed *infra*, counsel concludes that Appellant's issue is frivolous, and he

also states that Appellant has no other, non-frivolous issues she could pursue herein.

It is well-established that,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked

- 3 -

by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Connors' ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Connors also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief. Additionally, he attached to his petition to withdraw a letter directed to Appellant in which he informs Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues she could pursue on appeal.

According to Attorney Connors, the only issue that could arguably support Appellant's appeal is a claim that her sentence is excessive because she had no prior convictions, she had "13 years of formal education at the time of the guilty plea hearing[,]" and she "took full responsibility for the crime" by pleading guilty. ***Anders*** Brief at 8. Counsel concludes, however, that this issue "is frivolous since the sentence was imposed in accordance with

a negotiated guilty plea. This precludes questions regarding its discretionary aspects." *Id.* (citing *Commonwealth v. O'Malley*, 957 A.2d 1265 (Pa. Super. 2008)). In *O'Malley*, this Court declared that, "[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." *O'Malley*, 957 A.2d at 1267 (citing *Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994)). Accordingly, we agree with Attorney Connors that Appellant's sentencing claim is frivolous.

Additionally, our independent review of the record reveals no other, non-frivolous issues that Appellant could present herein. Therefore, we affirm her judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/18